## BYERS v. CLARK & WILSON LUMBER CO.

### No. L–13077.

District Court, D. Oregon.
Feb. 9, 1939.

K. C. Tanner, of Portland, Or., for plaintiff.

Randall S. Jones, of Portland, Or. (E. L. McDougal and Randall S. Jones, both of Portland Or., of counsel), for defendant.

McCOLLOCH, District Judge.

The practice has been established in this court of holding pre-trial conferences and making pre-trial orders in all cases, pursuant to Rule 16 of the New Rules, 28 U.S.C.A. following section 723c, and such was done in the present action, which is for death due to alleged violation of the Oregon Employer's Liability Law. The pre-trial order, reflecting the concessions of the attorneys at the pre-trial conference, dealt mostly with waiver of identification of photographs and other exhibits. The pre-trial conference was held before Judge Fee, the Senior Judge, in accordance with the practice of the court, and now before me at

the trial of the case counsel for the defendant offers to admit the practicability of the devices which plaintiff alleges should have been employed in defendant's railroad operation.

This admission could as well have been made at the pre-trial conference and should have been made then. The question on which defendant offers to make the admission is one of the major questions of the case. Plaintiff has gone to expense in preparing testimony on this point and subpoenaing witnesses, and I do not think that it would be fair to plaintiff to throw plaintiff's attorney "out of his stride" by eliminating proof on this question. I accept the statement of counsel for the defendant that he did not make the admission at the pretrial "because he had not had the opportunity at that time to study his case close·ly". Nevertheless, there is an element of unnecessary surprise in defendant's maneuver. Under the new practice, surprise is to be eliminated whenever possible.

Plaintiff may continue with the introduction of testimony on the question of practicability.